DEBT.              Sayre, Adm'r, of Outten *vs* Lewis.

                      ERROR TO THE FAYETTE CIRCUIT.

Case 22.                      *Set-off.  Devastavit.*

Sept. 23.        CHIEF JUSTICE EWING delivered the opinion of the Court.

                UPON the return of *nulla bona* on two executions which
The case stated. issued on the same day, from this Court, for costs, in fa-
                vor of Lewis against Sayre, as administrator of Outten,
                one for $43 83 cents, the other for $12 98 cents, and
                which were returned on the same day, Lewis brought an
                action of debt in the Circuit Court for a *devastavit* against
                Sayre, for the amount of both executions.  Sayre pleaded
                the general issue, denying the *devastavit,* and gave notice
                of set-off, of a larger demand due from Lewis to him, as
                administrator, for money advanced by his intestate for
                his use, and paid by him as administrator since his death,
                upon a written article between Lewis and his intestate.
                To the set-off the plaintiff demurred, and the whole mat-
                ter of fact and law, was submitted to the Judge to de-
                cide.  Judgment was rendered for the plaintiff, and Sayre
                has appealed to this Court.

                   According to the decision of this Court, in the case of
Circuit Courts   *Jeter, ad'mr.* vs *Durham & Willock,* (6 *J. J. Mar.* 228,)
have concurrent
jurisdiction with the Circuit Court has *concurrent* jurisdiction with Justices
Justices of the
Peace for a *de-* of the Peace, at least for the amount embraced in the
*vastavit,* where larger execution.  And as the policy of the law is op-
the amount ex-
ceeds £5 and is  posed to a multiplication of actions, and the failure and
under $50, and
having jurisdic- refusal to pay, and consequent *devastavit* as to both de-
tion, a smaller
demand than £5   mands, occurred at the same time, that the Circuit Court
may be included  having jurisdiction as to the larger demand. may exer-
: . a suit before
Circuit Courts.  cise it as to both, and render judgment accordingly.

                   But we think that Sayre was either not guilty of a *de-*
                *vastavit,* or if the facts proven render him responsible,
                he may rely upon the set-off set up by him.

                   We cannot perceive any just grounds for charging Sayre
An adm'r. can-   with misapplying, or wasting the assets of his intestate,
not be made res-
ponsible for a   to the injury of Lewis, by merely withholding from him

payment of his demands, when he held against him a much larger amount due to the estate of intestate, and which at the time constituted a good set-off against them. The refusal to pay, under such circumstances, would seem to show a careful management of the assets in his hands, rather than a wasteful expenditure or misapplication of them.

But if under such circumstances he can be made responsible for a *devastavit,* we cannot doubt, especially since our statute which exempts him from responsibility, in this action, beyond the assets which came to his hands, that he may plead the set-off relied upon by him.

It is said that an administrator who has paid debts out of his own funds, may retain out of the assets, an equivalent in value. So if by coersion he is required to pay the demands of Lewis, for withholding payment out of the assets, upon the ground and for the reasons appearing, we cannot doubt that he might retain an equivalent amount out of the assets in his hands. If so, the estate would be benefitted by allowing the set-off, and Lewis not injured, and it might be injured by the entire loss of the amount, if the set-off should be refused, and Lewis should prove insolvent, so that the amount could not be made out of him. We therefore think, that though the demand claimed by Lewis, is a personal demand against Sayre, as it was a demand against the estate of Outten, and grew out of Sayre's withholding payment from Lewis, upon the ground only, that he held against him in behalf of his intestate, a much larger amount, that if he can be made responsible at all, in this form of action, that he may set-off the amount by so much of the amount due his intestate.

The judgement of the Circuit Court is therefore reversed, and cause remanded, that a new trial may be granted, aad the appellant is entitled to his costs.

*Sayre* for plaintiff: *Robertson* for defendant.

---

*Margin notes:*

SAYRE
*vs*
LEWIS.

*devastavit* by one agent, when as the representative of his intestate he holds a greater demand than is claimed.

An adm'r. paying debts out nf his own estate, may retain an equivalent out of the assets.—

—And an adm'r. sued for a *devastavit,* may set-off a demand due to his intestate against the demand sought to be recovered.